SIDLE v. MICHARK MANUFACTURING COMPANY.

Opinion delivered July 12, 1909.

1. TIMBER AND TREES—RIGHT TO FLOAT LOGS.—Under a deed conveying to the grantee the timber on certain land and authorizing such grantee to enter for the purpose of removing the timber, the grantee is authorized to float the logs out upon a watercourse upon the land, and for that purpose to dam such watercourse temporarily, provided the grantor is not injured thereby. (Page 302.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's finding of facts will not be disturbed on appeal unless clearly against the preponderance of the testimony. (Page 303.)

Appeal from Crittenden Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. P. Holt,* for appellant.

The complaint neither discloses a clear right to the maintenance of the dam nor to an injunction to restrain the cutting. The sole ground alleged for equitable relief is the impossibility of ascertaining damages at law while defendant at the same time is admitted to be solvent. The mere further allegation of "irreparable injury" is not sufficient. No proper ground for equitable cognizance of the action is shown. 2 Beach on Injunctions, § 1126; *Id.* § 1131; *Id.* § 1166; 23 Conn. 421; 26 Fed. 884; 1 Beach on Inj., § § 20, 21. Plaintiff had neither contractual nor legal right to build the dam—no right which had been or was about to be disturbed—hence no right to invoke the aid of the chancery court by way of injunction. The rule is that an injunction will be refused where the injury may be greater from the granting than from the refusal of it. 7 How. (U. S.) 650; 23 Conn. 427; 60 Me. 192; 1 Mont. 561; 22 N. J. Eq. 25; 18 N. J. Eq. 293; 76 N. C. 407; 16 Am. & Eng. Enc. of L. 363-4; 20 Ch. D. 595; 4 Blatchf. (U. S.) 70; 24 N. J. Eq. 277; 29 Abb. N. C. (N. Y.) 384; 2 Tenn. Ch. 238. The terms of a license cannot be extended nor varied. 57 Am. Dec. 295; 35 N. H. 563; 62 Barb. 311; 18 Am. & Eng. Enc. of L., 1139.

*J. F. Gautney,* for appellee.

1. Having purchased the timber upon the lands and the right to make use of same for operating a logging business, appellees were under no obligation to appellant further than to so use his land as not to injure such as was in cultivation. The manner of the use is not restricted except as to land in cultivation. The term "logging plant" includes tramways, fixed and movable machinery, engines, vehicles, carts, stages, scaffoldings, pumps, dams, etc. 25 Ont. 417-421. Appellees had the right to use the water, and this right implies the right to control or detain it to a reasonable extent by means of dams and other agencies. 79 Am. Dec. 636; and note; 42 Md. 442; 7 H. L. 697; 14 Eng. Rep. 86; 39 Am. Dec. 391; 7 *Id.* 373; 57 *Id.* 85, 89-90; 18 Am. Rep. 102.

2. Injunction afforded the only complete and adequate remedy. 5 Wall. 74-80 (18 L. Ed. 580); 33 O. St. 544; 18 Mich.

196; 39 N. H. 186; 1 Md. 525; 26 Miss. 84; 27 N. J. Eq. 364; 11 Ga. 246; 3 Jones Eq. (N. C.) 179.

HART, J.  M. C. Townley, Geo. C. Peters and E. L. Pierce, partners under their firm name of Michark Manufacturing Company filed their complaint in the Crittenden Chancery Court against W. M. Sidle to enjoin him from further injuring or attempting to destroy a temporary dam they had erected on the real estate described in the complaint.  The complaint was filed on the 10th day of March, 1908, and in substance alleges that the Pierce-Williams Company, a Michigan corporation, had purchased from the defendant and other landowners all the timber on the lands described in the complaint, and had received deeds therefor; that the Pierce-Williams Company had conveyed by deed all its right and interest to the plaintiffs.  The deeds, omitting the formal parts, contain, among others, the following covenant:  "We further grant to the said Pierce-Williams Company and to their successors and assigns the free right of ingress and egress to and from said land over any other land owned by us or either of us (except land in cultivation) for the purpose of removing said timber or the products thereof to the railroad to the St. Louis & San Francisco Railroad Company, or for the purpose of operating a logging or manufacturing business on said land."  That, pursuant to the terms of said timber contract, plaintiffs had cut about 300,000 feet of cypress logs.  That they had constructed in a slough or watercourse upon said lands a temporary dam for the purpose of enabling them to float said logs to a point where they could be conveniently removed and loaded upon the cars.  That on the 29th day of February, 1908, the defendant cut and destroyed said dam, thereby disabling plaintiff from further floating said logs. That defendant has threatened to again cut said dam if it is rebuilt, and that unless he is restrained from so doing he will completely demolish and destroy said dam.

A temporary injunction was granted restraining defendant from further interference with the dam.

The defendant admitted cutting the dam, but interposed as set out by his counsel in his abstract the following defenses, viz:

First.  That the dams in question were a nuisance, both of a public and private nature.

Second. That the plaintiffs had no right, by contract or otherwise, to erect said dams or maintain them. That said dams were not temporary dams as alleged, but were intended to stand either permanently or long enough to inflict irreparable injury upon defendant.

Third. That the dams flowed the water back upon him and rendered his lands unfit for cultivation.

Upon final hearing of the cause, the chancellor found the issues in favor of the plaintiffs; and a decree was entered perpetually restraining defendant from destroying or attempting to destroy the temporary dams of the plaintiffs on the real estate described in the complaint and set forth in the decree.

The defendant has appealed.

By the terms of the deeds the title to the timber on the lands in controversy became vested in the plaintiffs. In express terms, they were given the free right of ingress and egress for the purpose of removing said timber or the products thereof. The only exception made to this grant was that they should not for this purpose use the cultivated lands. The clause in the deed above quoted, we think, gave plaintiffs the right to float the logs out upon the watercourses upon the lands, as well as to haul them away by land. The only restriction would be that they must not injure the defendant in so doing.

It is claimed by the defendant that the dam caused the water to rise in the slough, and that it was thus backed over his adjoining lands, overflowing those in cultivation and preventing him from clearing other land; for which he already made a contract.

On the other hand, the plaintiffs claim that the dam was so constructed that it could only raise the water five inches, and that when it rose higher than five inches it would flow over and around the edges of the dam. They claim that it was necessary for them to raise the water in the slough five inches in order that they might at all times have sufficient water to float the logs. They adduced testimony tending to establish their contention, and to show that they had carefully measured the stage of the water before and after the dam was constructed, and that after the dam was constructed the water was never raised more than five inches; that the opening left at the ends was sufficient to carry

away all water in times of flood in excess of that. Their evidence also tended to show that they had examined the lands of the defendant after the erection of the dam, and that the water had not been raised sufficient to overflow or to injure them.

The evidence for the defendant contradicted their testimony, but the chancellor found the issue in this respect in favor of the plaintiffs, and we can not say that his findings are against the weight of the evidence.

It has been so often held that a chancellor's finding of fact will be sustained on appeal unless against the preponderance of the evidence that a citation of any adjudicated cases on that point is not necessary. No useful purpose could be served in setting out in detail the evidence on the facts. It is sufficient to say that we have carefully examined it.

We find no prejudicial error in the record, and the decree is affirmed.